UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                     Plaintiff,      **MEMORANDUM AND ORDER**

   - v -

                                            CV-04-2702 (DGT)(VVP)

ONE BLACK 2003 MERCEDES BENZ
C320,
                     Defendant.
-----------------------------------------------------------x

       The government has moved to stay discovery in this civil forfeiture action pursuant to title 18, United States Code, section 981(g) during the pendency of a related criminal investigation and related criminal proceedings. For the reasons below, the motion is granted.

       The government brought this forfeiture action against the subject automobile based on allegations that the automobile is related to narcotics trafficking and money laundering conducted by Alberto Brens and others. As detailed in the forfeiture complaint, Brens allegedly obtained the automobile entirely through cash transactions totaling approximately $40,000 within weeks after a substantial shipment of narcotics arrived in New York in a smuggling operation with which Brens was allegedly involved. The government's investigators have uncovered no legitimate sources of income for Brens. Much of the information in the forfeiture complaint concerning Brens' involvement in the narcotics smuggling operation has been furnished by confidential sources. Based on that information and other evidence, Brens and others have also been indicted on various narcotics and money laundering charges in this court. *See United States v. Guillermo Garay et al.*, 04 CR 515 (DGT). Although one of the defendants in that case pleaded guilty and was sentenced, the charges remain pending against Brens and others, and a status conference is now scheduled for May 19, 2005 in that matter.

       Section 981(g)(1) provides,

> Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

18 U.S.C. § 981(g)(1). It is undisputed that the criminal case against Brens and others is related to the instant civil forfeiture action because both matters arise out of the same facts and circumstances, and the proof in both actions will be provided by many of the same witnesses including at least one confidential informant and various cooperating witnesses. Moreover, as substantiated by the affidavit of one of the agents involved in the investigation, the criminal investigation is ongoing. Since discovery in a criminal proceeding is more limited than that in a civil proceeding, permitting discovery in the civil proceeding would provide the criminal defendants with substantially more information about the government's case than they would otherwise be entitled to obtain, including information about the identity of various witnesses whose cooperation with the government might otherwise not be known by the criminal defendants. *Compare* Fed. R. Crim. P. 16 *with* Fed. R. Civ. P. 26(b)(1). Moreover, permitting civil discovery would undoubtedly hamper the ongoing criminal investigation because it would reveal to any potential targets of the investigation the entire scope of the government's knowledge and the government's investigative methods. The court is therefore satisfied that permitting civil discovery to proceed would adversely impact the related criminal prosecution and ongoing criminal investigation. *See, e.g., United States v. All Funds on Deposit in Business Market Account No. 028-0942059-66*, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004); *United States v. All Funds Deposited In Account No. 20008524845, First Union National Bank*, 162 F. Supp. 2d 1325, 1331-32 (D. Wyo. 2001); *United States v. Funds Held in Names or for Benefit of Wetterer*, 138 F.R.D. 356, 361 (E.D.N.Y. 1991).

In light of the stay, the claimants seek an order protecting them against depreciation of the asset during the pendency of the litigation. Such an order is

authorized by section 981(g)(6). Their proposal that the property be returned to them while the action remains pending is fraught with difficulties, including the fact that title to the automobile now resides in a dead person (who was already deceased at the time the title was registered in his name) as well as the difficulties in assuring that the automobile is properly maintained while in the claimants' possession. Their alternative proposal that the automobile be valued now and that the government be required to reimburse the claimants in cash for the difference between the value now and the value when it is returned if the claimants prevail appears to be more feasible. The government's proposal that the property simply be sold now, and the proceeds held in escrow, provides another plausible alternative. Whether an order is necessary, and what type of order should be entered, however, depends in no small measure on the anticipated length of the stay. Since a conference in the criminal matter will be held shortly which may shed light on that issue, the court will schedule a conference in this matter shortly after the conference in the criminal matter to address this issue further. In the meantime, counsel are encouraged to confer concerning the issue to determine whether they can come to an agreement on an appropriate order.

Accordingly, the motion for a stay of discovery is granted, and a conference will be held by telephone on **June 3, 2005 at 2:15 p.m.**, to be initiated by counsel for the plaintiff (Chambers: 718-260-2400).

**SO ORDERED:**
  *Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           May 4, 2005